OPINION
{¶ 1} On June 30, 1997, the Guernsey County Grand Jury indicted appellant on one count of aggravated robbery, in violation of R.C. 2911.01, one count of aggravated murder, in violation of R.C. 2903.01, with a death penalty specification. The charges arose out of the robbery and stabbing death of Leo Sinnett on May 17, 1997. The matter proceeded to trial by jury on September 15, 1997.
 {¶ 2} After hearing all the evidence and deliberations, the jury found appellant guilty of aggravated robbery and aggravated murder. The jury did not recommend the death sentence. Via Judgment of Conviction dated October 6, 1997, the trial court memorialized the jury's verdicts. Via Judgment Entry of Sentence dated November 4, 1997, the trial court sentenced appellant to life imprisonment without parole for the offense of aggravated murder and a term of ten years for the offense of aggravated robbery. The trial court ordered the sentences to run consecutively.
 {¶ 3} On November 24, 1998 this court affirmed appellant's convictions and sentences. See State v. Roberts (Nov. 24, 1998), Guernsey App. No. 97 CA 29.
 {¶ 4} On May 16, 2005, appellant filed a pro se Motion to Vacate and Reconstruct Sentence pursuant to United States v.Booker (2005),543 U.S. 220, 125 S.Ct. 738, and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. The trial court denied appellant's motion. In response to appellant's request for findings of fact and conclusions of law, the trial court issued those findings and conclusions on August 17, 2005. The trial court concluded that neither of Mr. Roberts' sentences exceeded the statutory maximum, and that Blakely "did not deal with the issue of consecutive sentences for multiple convictions." Judgment Entry filed August 17, 2005, at 2.
 {¶ 5} Appellant filed his appeal from the denial of his Petition to Vacate or Reconstruct Sentence in this court and has set forth the following assignment of error:
 {¶ 6} "I. A TRIAL COURT MAY NOT IMPOSE NON-MINIMUM, MAXIMUM, AND CONSECUTIVE PRISON TERMS IN THE ABSENCE OF JURY FINDINGS OF THE FACTORS SET FORTH IN R.C. 2929.14."
 {¶ 7} Appellant, in his sole assignment of error, challenges the denial of his Motion to Vacate or Reconstruct Sentence.
 {¶ 8} Post conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C.2953.21, which provides:
 {¶ 9} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 10} The caption of a pro se pleading does not definitively define the nature of the pleading. State v. Reynolds,79 Ohio St.3d 158, 1997-Ohio-304. In Reynolds, the Ohio Supreme Court found, despite its caption, the appellant's pleading met "the definition of a motion for post-conviction relief set forth in R.C. 2953.21(A) (1), because it is a motion that was (1) filed subsequent to Reynolds' direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." Pursuant to Reynolds, we find appellant's Motion to Vacate or Reconstruct Sentence is a petition for post conviction relief as defined in R.C. 2953.21.
 {¶ 11} Pursuant to R.C. 2953.21(A) (2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 12} The record indicates appellant did file a direct appeal in this matter with a transcript. The transcript was filed in this Court on January 28, 1998. Therefore, under R.C.2953.21(A) (2), appellant was required to file his petition "* * * no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 13} Appellant was convicted in 1998. However, appellant did not file his petition for post-conviction relief until May 16, 2005, which is well beyond the time period provided for in the statute. Because appellant's petition was untimely filed, the trial court was required to entertain appellant's petition only if he could meet the requirements of R.C. 2953.23(A). This statute provides, in pertinent part:
 {¶ 14} * * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 15} "(1) Either of the following applies:
 {¶ 16} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 17} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 18} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 19} The United States Supreme Court has not made the decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531 retroactive to cases already final on direct review.See United States v. Humphress (6th Cir. 2004),398 F.3d 855; Lilly v. United States (WD VA 2004), 342 F.Supp.2d 532; Inre Dean (11th Cir. 2004), 375 F.3d 1287, 1290 ("BecauseBlakely, like Ring, is based on an extension of Apprendi,
Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."); McBridev. State (Fla.Dist.Ct.App. 2004), 884 So.2d 476, 478 ("We further hold that Blakely does not apply retroactively to cases on collateral review."); State v. Petschl (Minn.Ct.App. 2004),688 N.W.2d 866, 2004 WL 2663594, at *7 ("Blakely has the same procedural effect as Apprendi, increasing the accuracy of the sentence but not the conviction. Because the Blakely rule does not improve the accuracy or fairness of a trial, we conclude that it is not a watershed rule subject to retroactive application on collateral review.").
 {¶ 20} Nonetheless, even if Blakely were retroactive, our conclusion that the appellant would not be entitled to have a jury, rather than the sentencing court, determine the factors set forth in R.C. 2929.13 would not change.
 {¶ 21} In State v. Iddings (November 8, 2004), Delaware App. No. 2004CAA06043, ¶ 12, this court examined the Apprendi
and Blakely decisions and found they "do not obviate entirely judicial discretion in sentencing a criminal defendant. Rather, the trial courts maintain discretion to select a sentence within the range prescribed by the legislature." This court further held at ¶ 20-21:
 {¶ 22} "None of the factors set forth in either 2929.13(B) or 2929.14(B) subject an offender to a prison term in excess of what the law provides as the maximum sentence for a felony of the fourth or fifth degree. The Legislature has simply codified factors that sentences courts have always considered when deciding to sentence a defendant within the range permitted by statute. The fact that the legislature has chosen certain of the traditional sentencing factors and dictated the precise weight to be given those factors does not evade the requirements of the Fifth and Sixth Amendments. Harris v. United States, supra,536 U.S. at 568, 122 S.Ct. at 2420. (Citing McMillan v.Pennsylvania (1986), 477 U.S. 79, 106 S.Ct. 2411).
 {¶ 23} "Accordingly, a jury is not required to find the factors set forth in R.C. 2929.13(B) (2) or R.C. 2929.14(B) before a judge may impose a prison sentence for the conviction of a fourth or fifth degree felony."
 {¶ 24} The same rationale has been applied to first and second degree felonies. See, State v. Brown, 10th Dist. No. 05AP-375, 2006-Ohio-385; State v. Goings, 7th Dist. No. 02 CA 68, 2005-Ohio-1439; State v. Mason, CA2004-06-154, CA2004-06-164, 2005-Ohio-2918.
 {¶ 25} Nor is a jury required to find the factors set forth in R.C. 2929.14(E) (4) before a judge may impose consecutive sentences. State v. Small (Jan. 14, 2005), Delaware App. No. 2004-CAA-04032; State v. Taylor, Lake App. No. 2003-L-165,2004-Ohio-5939, ¶ 25(Citing United States v. Wingo (C.A.6, 2003), 76 Fed. Appx. 30, 35-36); State v. Mason, supra.
 {¶ 26} Based upon the forgoing, we find the trial court did not err in sentencing appellant in light of Apprendi, Blakely
and Booker. Accordingly, the trial court properly denied appellant's petition for post conviction relief without holding an evidentiary hearing.
 {¶ 27} Appellant's sole Assignment of Error is overruled.
 {¶ 28} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
Gwin, P.J., Farmer, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed. Costs to appellant.