OPINION
{¶ 1} Defendant-appellant, Eliot L. Dugger, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his R.C. 2953.23
petition for post-conviction relief. Because the trial court properly concluded appellant's petition was untimely, we affirm.
 {¶ 2} In July 2002, appellant pled guilty to one count of involuntary manslaughter with a firearm specification. The trial court accepted appellant's guilty plea, found him guilty and, on September 13, 2002, sentenced him to nine years' incarceration for the *Page 2 
involuntary manslaughter conviction and an additional three years for the firearm specification. Appellant did not appeal his convictions. On November 14, 2005, appellant filed in the trial court a document titled "Motion to Vacate and Reconstruct Sentence Pursuant to Blakely v. Washington." Appellant argued that he was entitled to a new sentence under Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348. The trial court construed appellant's filing as a petition for post-conviction relief and dismissed the petition as untimely.
 {¶ 3} Appellant appeals and assigns the following errors:
 [1.] Minimum sentences are required for first time offenders when the Mitigating facts were [not] found by a jury, or admitted by the defendant.
 [2.] Concurrent sentences are required when the Mitigating Facts were [not] found by a jury, or admitted by the defendant.
 {¶ 4} Initially, we note that appellant's motion was denominated as a "Motion to Vacate and Reconstruct Sentence Pursuant to Blakely v. Washington." We agree with the trial court's construction of appellant's motion as a petition for post-conviction relief. See State v.Roberts, Guernsey App. No. 2005-CA-26, 2006-Ohio-782, at ¶ 10; State v.Rawlins, Scioto App. No. 05CA-3012, 2006-Ohio-1901, at ¶ 5; State v.Luther, Lorain App. No. 05CA008770, 2006-Ohio-2280.
 {¶ 5} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. Post-conviction *Page 3 
relief is not a constitutional right but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute.State v. Calhoun (1999), 86 Ohio St.3d 279, 281. A post-conviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32.
 {¶ 6} R.C. 2953.21(A)(2) establishes the time limitations for filing a petition for post-conviction relief stating, in relevant part, that except as provided in R.C. 2953.23, if no appeal is taken, the petition must be filed "no later than 180 days after the expiration of the time for filing the appeal." Appellant filed his petition more than 180 days after the expiration of the time for filing his appeal. A trial court lacks jurisdiction to entertain an untimely petition for post-conviction relief unless petitioner demonstrates that one of the exceptions in R.C.2953.23(A) applies. State v. Russell, Franklin App. No. 05AP-391,2006-Ohio-383, at ¶ 7. Therefore, appellant's petition is time-barred unless appellant's petition meets an exception contained in R.C.2953.23(A).
 {¶ 7} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless, as relevant here, appellant demonstrates that: (1) subsequent to the period described in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in appellant's situation, and the petition asserts a claim based on that right; and (2) but for the constitutional error at the sentencing hearing, no reasonable fact finder would have found appellant eligible for the death sentence. In an attempt to invoke these provisions, appellant argues that the United States Supreme Court's opinions in Blakely and Apprendi create a new federal or state right that applies retroactively to him. We disagree. *Page 4 
 {¶ 8} This court has concluded that Blakely, which is premised onApprendi, does not recognize a new federal or state right that applies retroactively. State v. Searcy, Franklin App. No. 06AP-572,2006-Ohio-6993, at ¶ 7, citing State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998, at ¶ 36-37; State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095, at ¶ 11. Other courts agree. SeeRawlins, at ¶ 12; Luther, at ¶ 13. Accordingly, appellant's petition is untimely, and the trial court properly determined it lacked jurisdiction to consider it. State v. Bivens, Franklin App. No. 05AP-1270,2006-Ohio-4340, at ¶ 6 (noting that the timeliness requirement of R.C.2953.21 is jurisdictional, leaving a trial court with no authority to adjudicate an untimely post-conviction relief petition unless the petitioner complies with R.C. 2953.23[A][1]); see, also, State v.Robinson, Franklin App. No. 06AP-368, 2006-Ohio-6649, at ¶ 9.
 {¶ 9} Even if appellant could show that the United States Supreme Court has retroactively recognized a new federal or state right, R.C.2953.23(A)(1), by its express terms, precludes a common pleas court from entertaining an untimely post-conviction challenge to a sentence brought by a non-capital petitioner. Searcy, at ¶ 8, citing State v.Connors, Hamilton App. No. C-040677, 2005-Ohio-2644, at ¶ 4. Appellant is a non-capital petitioner. Therefore, R.C. 2953.23(A)(1)(b) does not provide a vehicle to challenge his sentence when his petition is untimely. Id.
 {¶ 10} Appellant failed to establish the applicability of an exception that would allow the trial court to consider his untimely petition. Thus, the trial court lacked jurisdiction to entertain appellant's petition. Accordingly, the trial court properly dismissed *Page 5 
appellant's petition for post-conviction relief. Our disposition of the jurisdictional issue renders appellant's two assignments of error, which address the merits of his petition, moot. Russell, at ¶ 11. Therefore, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 FRENCH and McGRATH, JJ., concur. *Page 1