OPINION
{¶ 1} Defendant-appellant, Richard L. Martin, appeals from a judgment of the Franklin County Court of Common Pleas denying his petitions for postconviction relief. Because the trial court properly concluded appellant's petitions were untimely, we affirm.
 {¶ 2} In June 2004, appellant pled guilty to one count of trafficking in marijuana, one count of possession of marijuana, one count of aggravated robbery, and one count of felonious assault. All of the counts also contained firearm specifications. The trial court *Page 2 
accepted appellant's guilty pleas, found him guilty, and on August 5, 2004, sentenced him to a total prison term of 12 years. Appellant did not appeal his convictions.
 {¶ 3} On June 24, 2005, appellant filed in the trial court a document titled "Motion to Vacate and Reconstruct Sentence Pursuant to Blakely v. Washington." On May 8, 2006, appellant also filed a "Petition for Post-Conviction Relief" pursuant to R.C. 2953.23. In those filings, appellant argued that he was entitled to a new sentence underBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The trial court construed appellant's filings as petitions for postconviction relief and denied the petitions as untimely and barred by res judicata.
 {¶ 4} Appellant appeals and assigns the following error:
 The trial court erred to the prejudice of the Defendant when it would not grant a new sentencing hearing.
 {¶ 5} Initially, we note that appellant's first filing was denominated as a "Motion to Vacate and Reconstruct Sentence Pursuant to Blakely v. Washington." The trial court properly construed that motion as a petition for postconviction relief. See State v. Roberts, Guernsey App. No. 2005-CA-26, 2006-Ohio-782, at ¶ 10; State v. Rawlins, Scioto App. No. 05CA-3012, 2006-Ohio-1901, at ¶ 5; State v. Luther, Lorain App. No. 05CA008770, 2006-Ohio-2280.
 {¶ 6} The postconviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. Postconviction *Page 3 
relief is not a constitutional right, but rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute.State v. Calhoun (1999), 86 Ohio St.3d 279, 281. A postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32.
 {¶ 7} R.C. 2953.21(A)(2) establishes the time limitations for filing a petition for postconviction relief. It provides in relevant part, that except as provided in R.C. 2953.23, if no appeal is taken, the petition must be filed "no later than 180 days after the expiration of the time for filing the appeal." Appellant filed both of his petitions more than 180 days after the expiration of the time for filing his appeal. A trial court lacks jurisdiction to entertain an untimely petition for postconviction relief unless petitioner demonstrates that one of the exceptions in R.C. 2953.23(A) applies. State v. Russell, Franklin App. No. 05AP-391, 2006-Ohio-383, at ¶ 7. Therefore, appellant's petitions are time-barred unless appellant's petitions meet an exception contained in R.C. 2953.23(A).
 {¶ 8} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless, as relevant here, appellant demonstrates that: (1) subsequent to the period described in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in appellant's situation, and the petition asserts a claim based on that right; and (2) but for the constitutional error at the sentencing hearing, no reasonable fact finder would have found appellant eligible for the death sentence. In an attempt to invoke these provisions, appellant argues thatFoster, which is premised on the United States Supreme Court opinions inBlakely and Apprendi, creates a new federal or state right that applies retroactively to him. We disagree. *Page 4 
 {¶ 9} This court has concluded that Blakely, which is premised onApprendi, does not recognize a new federal or state right that applies retroactively. State v. Searcy, Franklin App. No. 06AP-572,2006-Ohio-6993, at ¶ 7, citing State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998, at ¶ 36-37; State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095, at ¶ 11. Other courts agree. SeeRawlins, at ¶ 12; Luther, at ¶ 13. Because Blakely does not recognize a new federal or state right that applies retroactively, Foster, which is premised on Blakely, similarly does not. State v. Wilson, Franklin App. No. 05AP-939, 2006-Ohio-2750, at ¶ 15. Accordingly, appellant's petitions are untimely, and the trial court lacked jurisdiction to consider them. State v. Bivens, Franklin App. No. 05AP-1270,2006-Ohio-4340, at ¶ 6 (noting that the timeliness requirement of R.C.2953.21 is jurisdictional, leaving a trial court with no authority to adjudicate an untimely postconviction relief petition unless the petitioner complies with R.C. 2953.23[A][1]); see, also, State v.Robinson, Franklin App. No. 06AP-368, 2006-Ohio-6649, at ¶ 9.
 {¶ 10} Even if appellant could show that the United States Supreme Court has retroactively recognized a new federal or state right, R.C.2953.23(A)(1), by its express terms, precludes a common pleas court from entertaining an untimely postconviction challenge to a sentence brought by a non-capital petitioner. Searcy, at ¶ 8, citing State v.Connors, Hamilton App. No. C-040677, 2005-Ohio-2644, at ¶ 4. Appellant is a non-capital petitioner. Therefore, R.C. 2953.23(A)(1) does not provide a vehicle to challenge his sentence when his petitions are untimely. Id.
 {¶ 11} Appellant failed to establish the applicability of an exception that would allow the trial court to consider his untimely petitions. Thus, the trial court lacked jurisdiction to entertain appellant's petitions. Accordingly, the trial court did not err in *Page 5 
denying appellant's petitions for postconviction relief, although technically the petitions should have been dismissed for lack of jurisdiction. Russell, at ¶ 10. Our disposition of the jurisdictional issue renders moot appellant's assignment of error, which addresses the merits of his petition. Id. at ¶ 11. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 PETREE and McGRATH, JJ., concur. *Page 1