OPINION
{¶ 1} This is an appeal by defendant-appellant, Stephen L. Hughes, from a judgment of the Franklin County Court of Common Pleas, which resentenced appellant following this court's remand of his original sentence pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} On January 7, 2005, appellant was indicted on one count of aggravated burglary, two counts of kidnapping, two counts of attempted murder, two counts of *Page 2 
felonious assault, two counts of violating a protective order or consent agreement, and one count of menacing by stalking.
 {¶ 3} Following a jury trial, appellant was found guilty of two counts of violating a protective order or consent agreement, one count of kidnapping, one count of abduction (as a stipulated lesser-included offense of kidnapping), and one count of aggravated burglary. The trial court sentenced appellant by entry filed November 9, 2005, and the court imposed consecutive sentences on all counts, with the exception of the aggravated burglary count.
 {¶ 4} Appellant timely appealed his convictions. In State v.Hughes, Franklin App. No. 05AP-1287, 2006-Ohio-5411, this court affirmed appellant's convictions, but remanded for resentencing pursuant to the Ohio Supreme Court's recent pronouncement in Foster, supra.
 {¶ 5} On December 1, 2006, the trial court conducted a resentencing hearing. The trial court sentenced appellant by entry filed December 6, 2006, again imposing consecutive sentences on all counts except the aggravated burglary count.
 {¶ 6} On appeal, appellant sets forth the following assignment of error for this court's review:
 The trial court's application of State v. Foster (2006), 109 Ohio St.3d 1, at Appellant's resentencing hearing violated Appellant's rights as guaranteed by the Ex Post Facto and Due Process Clauses of the United States Constitution. Appellant was entitled to the imposition of minimum, concurrent prison sentences, and the failure to impose such sentences deprived Appellant of his right to a jury trial as guaranteed by the United States Constitution. *Page 3 
 {¶ 7} Under his single assignment of error, appellant argues that the trial court erred in failing to impose minimum, concurrent sentences because, it is contended, the severance remedy in Foster, supra, which retroactively vacated most of Ohio's felony sentencing laws, is violative of the Due Process and Ex Post Facto Clauses of the United States Constitution.
 {¶ 8} This argument, however, has been addressed and rejected by this court on numerous occasions. See, e.g., State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899, at ¶ 18 (rejecting claim thatFoster violates due process and ex post facto legislation;"Foster did not judicially increase the range of appellant's sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime"); State v. Alexander, Franklin App. No. 06AP-501,2006-Ohio-6375, at ¶ 7-8 ("We are bound to apply Foster as it was written. * * * [A]t the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences. As such, Foster does not violate appellant's right to due process and does not operate as an ex post facto law"); State v.Ragland, Franklin App. No. 04AP-829, 2007-Ohio-836, at ¶ 9 ("the severance remedy chosen by the Supreme Court of Ohio in Foster does not violate ex post facto or due process principles").
 {¶ 9} Accordingly, based upon the above authority, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 BRYANT and TYACK, JJ., concur. *Page 1