OPINION
{¶ 1} In this consolidated case, Gary R. Martin and Richard L. Martin, defendants-appellants, appeal judgments from the Franklin County Court of Common Pleas, in which the court denied their motions for post-conviction relief. *Page 2 
 {¶ 2} On June 8, 2004, appellants both pled guilty to trafficking in marijuana with a one-year firearm specification, possession of marijuana with a one-year firearm specification, aggravated robbery with a one-year firearm specification, and felonious assault with a one-year firearm specification. The trial court sentenced appellants each to a total of 12 years imprisonment. The trial court filed its judgments on August 5, 2004.
 {¶ 3} On June 24, 2005, appellants filed motions to vacate and reconstruct sentence, contending that the decision in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, required that their sentences be corrected. On May 8, 2006, Richard filed a petition for post-conviction relief, citing State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 4} On July 3, 2006, the trial court denied appellants' motions to vacate and reconstruct sentence and Richard's petition for post-conviction relief, finding they were untimely petitions for post-conviction relief, they were barred by res judicata, andBlakely was not retroactive. Appellants appealed, and in State v.Martin, Franklin App. No. 06AP-797, 2007-Ohio-1843, and State v.Martin, Franklin App. No. 06AP-798, 2007-Ohio-1844, this court affirmed the trial court's judgments, finding that the June 24, 2005 motions had been post-conviction petitions and that those petitions and Richard's May 8, 2006 petition had been filed more than 180 days after the time for filing an appeal had expired.
 {¶ 5} On February 25, 2008, appellants each filed post-conviction petitions, asserting they were entitled to post-conviction relief because their trial counsel was ineffective for failing to communicate with them and follow their wishes; the State of Ohio, plaintiff-appellee, breached the plea agreements regarding sentencing when they were sentenced to 12 years instead of the nine years that was described in their plea agreements; and the trial court committed a sentencing error regarding post-release *Page 3 
control based upon its failure to inform appellants of their post-release control requirements at their sentencing hearings. The state filed responses to appellants' petitions and also filed motions to dismiss. On April 10, 2008, the trial court granted the state's motions to dismiss on the bases that the post-conviction petitions were untimely filed, they were subject to the law of the case and res judicata, and there was a lack of evidentiary support for a hearing. Appellants appealed the judgments of the trial court, and we consolidated the cases for purposes of appeal. Appellants assert the following assignments of error:
 [I.] The Trial Court Erred By Denying the Appellant Post-Conviction Relief For The Violation of His Constitutional Right To Effective Assistance Of Counsel.
 [II.] The Trial Court Erred [By] Denying Post-Conviction Relief Because The Trial Court Sentenced the Appellant To More Than Nine Years In Violation Of The Plea Agreement.
 [III.] The Trial Court Erred [By] Denying Post-Conviction Relief Because The Trial Court Erred On Advising The Appellant On Post[-]Release Control.
 {¶ 6} We will address appellants' assignments of together, as one issue is dispositive of the entire action. In all of their assignments of error, appellants argue that the trial court erred when it denied their petitions for post-conviction relief. The decision to grant or deny a petition for post-conviction relief is committed to the discretion of the trial court. State v. Watson (1998),126 Ohio App.3d 316, 324. Accordingly, the trial court's decision regarding a petition for post-conviction relief will not be disturbed absent an abuse of discretion. State v. Campbell, Franklin App. No. 03AP-147,2003-Ohio-6305, citing State v. Calhoun (1999), 86 Ohio St.3d 279, 281,284.
 {¶ 7} In the present case, the trial court found that appellants' petitions were untimely. Appellants do not address this determination in their appellate brief. *Page 4 
R.C. 2953.21(A)(2) provides in part: "If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(C) further provides in part: "The court shall consider a petition that is timely filed under division (A)(2) of this section[.]"
 {¶ 8} In the present case, the judgments on appellants' convictions were filed August 5, 2004. Appellants did not file a direct appeal of their convictions and sentencing, and it is clear they did not file their petitions for post-conviction relief within 180 days after the expiration of the time for filing the appeal.
 {¶ 9} However, R.C. 2953.21(A)(2) provides an exception to the 180-day limitation, as found in R.C. 2953.23. R.C. 2953.23(A)(1) provides that a court may entertain a petition filed after the expiration of 180 days if both of the following apply: (a) either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period described in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; and (b) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted.
 {¶ 10} Here, appellants failed to meet the requirements of R.C. 2953.23(A)(1). As for R.C. 2953.23(A)(1)(a), appellants were not unavoidably prevented from discovery of the facts upon which they must rely to present the claim for relief. As explained above, appellants claimed in their petitions that they were entitled to post-conviction relief *Page 5 
because their trial counsel was ineffective for failing to communicate with them and follow their wishes; the state breached the plea agreements regarding sentencing when they were sentenced to 12 years instead of the nine years that was described in their plea agreements; and the trial court committed a sentencing error regarding post-release control based upon its failure to inform appellants of their post-release control requirements at their sentencing hearings. All of these facts were known to appellants at the time of the trial court's original judgment and sentence, and appellants were not unavoidably prevented from discovering these facts and presenting them to the court in a timely manner. Furthermore, appellants did not claim that the United States Supreme Court recognized a new federal or state right that applied retroactively to persons in the petitioners' situation, and their petitions did not assert any claims based upon any such rights.
 {¶ 11} Furthermore, we note that, even if appellants could have satisfied the requirements of R.C. 2953.23(A)(1)(a), appellants could not satisfy those of R.C. 2953.23(A)(1)(b) with regard to their second and third claims. Appellants did not show by clear and convincing evidence that, but for a constitutional error at trial, no reasonable fact finder would have found the petitioners guilty of the offenses of which the petitioners were convicted. Appellants' second and third claims in their petitions relate to sentencing issues. The plain language of R.C. 2953.23(A)(1)(b) extends only to trial error and does not extend to sentencing errors, except those occurring within the capital punishment context. State v. Barkley, Summit App. No. 22351,2005-Ohio-1268, at ¶ 11. Thus, because appellants' second and third arguments in their petitions related to sentencing and not to guilt, they failed to meet the requirements of R.C. 2953.23(A)(1)(b). *Page 6 
 {¶ 12} We also note that, as found by the trial court, because the evidence was known to appellants and their counsel as of the time of the original judgments, appellants' claims could have been raised on direct appeal, and they are barred under the doctrine of res judicata. SeeState v. Scudder (1998), 131 Ohio App.3d 470, 475 (because appellant's claims could have been raised on direct appeal, appellant's petition for post-conviction relief was also barred under the doctrine of res judicata). Appellants could have also raised their ineffective assistance of counsel claim in their prior petitions for post-conviction relief. See State v. Apanovitch (1995), 107 Ohio App.3d 82, 87 (res judicata not only bars claims that could or should have been brought on direct appeal but, also, claims that could or should have been brought in a first petition for post-conviction relief).
 {¶ 13} Therefore, insomuch as appellants neither filed their petitions within the 180-day time period provided for in R.C. 2953.21, nor satisfied the first prong of R.C. 2953.23(A)(1), their petitions were not timely. Thus, as we have found the trial court did not err in denying appellants' petitions because they were untimely filed, their first, second, and third assignments of error are overruled.
 {¶ 14} Accordingly, appellants' first, second, and third assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas are affirmed.
Judgments affirmed.
 SADLER and TYACK, JJ., concur. *Page 1