[Cite as *State v. Hughes*, 2014-Ohio-2914.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                     :

                                                       No. 13AP-1006
v.                                                     :       (C.P.C. No. 05CR-01-125)

Stephen L. Hughes,                                     :       (REGULAR CALENDAR)

      Defendant-Appellant.                    :

---

D E C I S I O N

Rendered on June 30, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Stephen L. Hughes*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Stephen L. Hughes, appeals from a judgment entered by the Franklin County Court of Common Pleas denying his petition for postconviction relief. For the following reasons, we affirm that judgment.

I. Factual and Procedural Background

{¶ 2} In 2005, a Franklin County Grand Jury indicted appellant for counts of aggravated burglary, kidnapping, attempted murder, felonious assault, violating a protective order or consent agreement, and menacing by stalking. A jury found him guilty of some charges and not guilty of others. The trial court sentenced him accordingly. Appellant appealed his convictions to this court. In that appeal, he argued that his convictions were not supported by sufficient evidence and were against the manifest

weight of the evidence and that the trial court improperly sentenced him. Although this court affirmed appellant's convictions, we remanded the matter for a resentencing to comply with *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. *State v. Hughes*, 10th Dist. No. 05AP-1287, 2006-Ohio-5411. In December 2006, the trial court resentenced appellant and this court affirmed his sentence. *State v. Hughes*, 10th Dist. No. 07AP-4, 2007-Ohio-3625.

{¶ 3} In 2011, appellant filed a "Motion to Correct A Void Sentence" in which he argued for the first time that he was sentenced for offenses that should have merged for purposes of sentencing in violation of R.C. 2941.25. To support his argument, appellant relied on cases from the Supreme Court of Ohio that had been decided after his sentencing. The trial court denied appellant's motion and this court affirmed. *State v. Hughes*, 10th Dist. No. 12AP-165, 2012-Ohio-4513 ("*Hughes III*"). In particular, we first noted that res judicata barred consideration of appellant's merger claims because he did not present them in his first appeal. *Id.* at ¶ 15. We also noted that the Supreme Court of Ohio cases appellant relied on, *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, and *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, did not apply retroactively to his convictions. *Hughes III* at ¶ 16.

{¶ 4} Appellant then filed a petition for postconviction relief on September 19, 2013. He again argued that he had been sentenced for offenses that should have merged for purposes of sentencing in violation of R.C. 2941.25. He also argued that R.C. 2953.23(A)(1)(a), which allows trial courts to hear untimely filed petitions for postconviction relief in certain situations, was unconstitutional. The trial court denied appellant's petition, concluding that it was untimely and raised issues that were barred by res judicata.

## II. The Appeal

{¶ 5} Appellant appeals and assigns the following errors:

> [1.] The trial court erred and abused judicial discretion by refusing to rule that appellant has a due process and equal protection right to have the 2010 *Johnson* decision applied retroactively to his case on collateral review, in accord with the principles set forth in *Fiore*, *Bunkley*, and *Agee*.

> [2.] The trial court erred and abused judicial discretion by refusing to rule that any application of *Ali v. State of Ohio*

violates the Supremacy, Due Process and Equal Protection Clauses of the United States Constitution because it directly conflicts with the decisions of *Fiore*, *Bunkley*, and *Agee*.

[3.] The trial court erred and abused judicial discretion by applying the doctrine of *res judicata* in violation of due process, and by applying it to appellant's constitutional challenge to Ohio Rev. Code 2953.23(A)(1)(a).

[4.] The trial court erred and abused judicial discretion by not ruling that Ohio Rev. Code 2953.23(A)(1)(a) is constitutionally defective on its face and as applied because it doesn't contain a provision to bring a collateral challenge in accord with the principles set forth in *Fiore*, *Bunkley*, and *Agee*; violating the Due Process Clause of the United States and Ohio Constitution.

[5.] The trial court erred and abused judicial discretion by not applying the 2010 *Johnson* decision retroactively on collateral review because *Johnson's* "conduct" standard establishes appellant's convictions and sentences are in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions, via Ohio Rev. Code 2941.25(A).

## A. Appellant's Untimely Petition for Postconviction Relief

{¶ 6} First, we note that appellant does not challenge the trial court's conclusion that his petition was untimely filed. R.C. 2953.21 sets forth the requirements for filing a petition for postconviction relief. R.C. 2953.21(A)(2) provides:

[A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶ 7} Appellant filed his petition in 2013, many years after the statutory deadline for filing such a petition. Therefore, appellant's petition was untimely. A trial court lacks jurisdiction to entertain an untimely petition for postconviction relief unless petitioner demonstrates that one of the exceptions in R.C. 2953.23(A) applies. *State v. Tanksley*,

10th Dist. No. 13AP-769, 2014-Ohio-1194, ¶ 6, citing *State v. Hollingsworth*, 10th Dist. No. 08AP-785, 2009-Ohio-1753, ¶ 8.

{¶ 8} Appellant makes no attempt to argue that any of the exceptions to the jurisdictional bar apply to his petition. Instead, he argues in his third and fourth assignments of error that the exception in R.C. 2953.23(A)(1), which allows a trial court to consider an untimely petition if it is based on a United States Supreme Court case that recognizes a new right that applies retroactively, is unconstitutional because it does not allow the same consideration if the petition is based on a decision of the Supreme Court of Ohio. Appellant claims that the Supreme Court of Ohio in *Johnson* recognized a retroactive right that should allow the trial court to consider his untimely petition. For a number of reasons, we disagree.

{¶ 9} First, appellant has not demonstrated that the Supreme Court of Ohio recognized a new right that applies retroactively to his case. This court rejected that argument in appellant's earlier appeal. *Hughes III* at ¶ 16 (*Johnson* case that altered merger analysis after appellant's sentencing did not apply retroactively to appellant's convictions). *See also State v. Thompkins*, 10th Dist. No. 12AP-1080, 2013-Ohio-3599, ¶ 11 (rejecting retroactive application of *Johnson*). Second, there is no constitutional right to file a petition for postconviction relief, and the only rights afforded to a defendant in postconviction proceedings are those specifically granted by the legislature. *State v. Steffan*, 70 Ohio St.3d 399, 410 (1994); *State v. Norris*, 7th Dist. No. 11 MO 4, 2013-Ohio-866, ¶ 7.[1] Finally, the effect of finding the exception unconstitutional would not benefit appellant. Appellant appears to assume that by finding the exception unconstitutional, we would allow untimely petitions to be considered if they were based on a Supreme Court of Ohio case that recognized a new right that applies retroactively. That would not be the relief afforded. If we concluded that the exception was unconstitutional, we would strike the exception down, not add language to the exception.

{¶ 10} Because appellant failed to establish the applicability of an exception that would allow the trial court to consider his untimely petition, the trial court lacked jurisdiction to entertain his petition for postconviction relief. *Tanksley* at ¶ 8; *State v.*

---

[1] Notwithstanding, courts have consistently affirmed the constitutionality of R.C. 2953.23. *State v. Robinson*, 8th Dist. No. 100077, 2014-Ohio-397, ¶ 11 (rejecting similar assignments of error as appellant presents in this case in affirming the denial of a motion to correct sentence).

*Dugger*, 10th Dist. No. 06AP-887, 2007-Ohio-1243, ¶ 10. Accordingly, the trial court did not err by denying appellant's petition, although technically, the petition should have been dismissed for lack of jurisdiction. *State v. Espinal*, 10th Dist. No. 12AP-346, 2012-Ohio-5478, ¶ 10. We overrule appellant's third and fourth assignments of error.

## III. Conclusion

{¶ 11} For these reasons, we overrule appellant's third and fourth assignments of error. That disposition renders moot appellant's other assignments of error, which address the merits of his petition.[2] *State v. Mangus*, 10th Dist. No. 06AP-1105, 2009-Ohio-6563, ¶ 14. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

CONNOR and DORRIAN, JJ., concur.

_____

---

[2] We note that even if appellant's petition was timely, res judciata would bar his claims. Merger claims are issues that could be raised on direct appeal and, therefore, are barred by res judicata if not so raised. *Hughes III* at ¶ 15; *State v. Garnett*, 10th Dist. No. 12AP-594, 2013-Ohio-1210, ¶ 9; *State v. Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 11. Appellant did not present these merger issues in his direct appeal and, therefore, would be barred by res judicata from raising them here.