SEAN C. GALLAGHER, J., DISSENTING:
 

 {¶ 31} I respectfully dissent. Although the analysis provided by the majority interpreting
 
 State v. Hand,
 

 149 Ohio St.3d 94
 
 ,
 
 2016-Ohio-5504
 
 ,
 
 73 N.E.3d 448
 
 , is cogent and well reasoned, I believe the analysis is unnecessary in light of the procedural posture of the case largely ignored by Parker. The question in this case focuses on the trial court's jurisdiction to consider Parker's motion. Because the trial court was without jurisdiction to consider the motion, we cannot resolve the merits of the arguments presented-the trial court was without authority to review the merits of the claim in the first instance. Parker has exhausted the appellate review of his conviction. Thus, the trial court's jurisdiction to consider the postconviction motion is paramount. In this case, Parker had two options to invoke the trial court's continuing jurisdiction: file a motion to vacate a void conviction, or file a successive petition for postconviction relief.
 

 {¶ 32} Parker filed a motion to vacate a void sentence based on
 
 Hand
 
 , but Parker has not argued, let alone demonstrated, that his conviction is void. Instead, Parker claims his conviction was based on a statute deemed to be unconstitutional under a newly announced Ohio Supreme Court decision. A sentence imposed under an unconstitutional statute is not void but merely voidable.
 
 State v. Ragland
 
 , 10th Dist. Franklin No. 13AP-451,
 
 2014-Ohio-798
 
 ,
 
 2014 WL 861564
 
 , ¶ 9, citing
 
 State v. Peeks
 
 , 10th Dist. Franklin No. 05AP-1370,
 
 2006-Ohio-6256
 
 ,
 
 2006 WL 3438669
 
 ;
 
 State v. Payne
 
 ,
 
 114 Ohio St.3d 502
 
 ,
 
 2007-Ohio-4642
 
 ,
 
 873 N.E.2d 306
 
 . As a result, the trial court correctly denied Parker's motion.
 

 {¶ 33} The only other basis to invoke the trial court's jurisdiction is under the postconviction relief statutory framework. We could construe Parker's motion as being a successive petition for postconviction relief, but R.C. 2953.23 only permits a successive petition for postconviction relief (1) if the defendant was unavoidably prevented from discovering facts upon which the petition must rely, or (2) if the
 
 "United States Supreme Court
 
 recognized a new federal or state right that applies retroactively." (Emphasis added.) Neither exception applies in this case.
 

 {¶ 34} Parker is relying on an Ohio Supreme Court decision, which is not a basis for a successive petition.
 
 State v. Reese
 
 , 2d Dist. Montgomery No. 23410,
 
 2009-Ohio-5874
 
 ,
 
 2009 WL 3683577
 
 , ¶ 9 ;
 
 State v. Hughes
 
 , 10th Dist. Franklin No. 13AP-1006,
 
 2014-Ohio-2914
 
 ,
 
 2014 WL 2973315
 
 , ¶ 8 ;
 

 State v. Kirklin
 
 , 11th Dist. Portage No. 2013-P-0085,
 
 2014-Ohio-4301
 
 ,
 
 2014 WL 4825291
 
 , ¶ 10. One of the reasons that the legislature may have provided an exception for changes announced by the United States Supreme Court, and not subsequent Ohio Supreme Court decisions, is because the defendant has an opportunity to seek relief from the Ohio Supreme Court in his direct appeal, as Parker had unsuccessfully attempted in this case. Parker had an opportunity to have this issue heard, and the Ohio Supreme Court's decision denying jurisdiction should be final. I would affirm. Parker's petition for postconviction relief is untimely, and no statutory exception applies.
 

 {¶ 35} In addition to the above-noted conflict, the majority's decision conflicts with
 
 State v. Smith
 
 , 2d Dist. Montgomery No. 27294,
 
 2017-Ohio-2684
 
 ,
 
 2017 WL 1821416
 
 , on whether
 
 Hand
 
 is retroactive. Regardless of the differences between this case and
 
 Smith
 
 , the Second District determined that
 
 Hand
 
 is not retroactive, and the majority concludes otherwise. These interdistrict conflicts should be resolved. At the least, I would sua sponte certify a conflict on both issues for the Ohio Supreme Court's resolution.