[Cite as *State v. Greathouse*, 2012-Ohio-2414.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                           :

     Plaintiff-Appellee              :          C.A. CASE NO. 24935

vs.                                     :          T.C. CASE NO. 05CR852

TERRANCE L. GREATHOUSE               :          (Criminal Appeal from
                                                   Common Pleas Court)

     Defendant-Appellant             :

· · · · · · · · ·

# O P I N I O N

Rendered on the 1st day of June, 2012.

· · · · · · · · ·

Mathias H. Heck, Jr., Pros. Attorney; Michele D. Phipps, Asst. Pros. Attorney, Atty. Reg. No. 0069829, P.O. Box 972, Dayton, OH   45422
     Attorneys for Plaintiff-Appellee

Terrance L. Greathouse, #516-781, R.C.I., P.O. Box 7010, Chillicothe, OH 45601
     Defendant-Appellant, Pro Se

· · · · · · · · ·

GRADY, P.J.:

{¶ 1} In a prior appeal, *State v. Greathouse*, 2d Dist. Montgomery No. 21536, 2007-Ohio-2136, we affirmed Defendant-Appellant's convictions for multiple felony offenses, but we reversed the sentences the trial court imposed on the authority of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E. 2d 470.  We remanded the case for

resentencing in accordance with *Foster*. *Id.*, ¶ 91.

{¶ 2} The record of the present appeal does not reflect the result of the resentencing we ordered. However, it is apparent that a resentencing occurred because, on October 28, 2011, Defendant filed a motion requesting another resentencing. Defendant argued that several of his offenses are allied offenses of similar import and that his sentences for those offenses must be merged pursuant to R.C. 2941.25.

{¶ 3} On November 17, 2011, the trial court overruled Defendant's motion. The court held that his merger claim is barred by res judicata because it was decided and rejected by this court in Defendant's prior direct appeal from his conviction. Defendant filed a timely notice of appeal.

ASSIGNMENT OF ERROR:

{¶ 4} "THE APPELLANT IS ENTITLED TO RESENTENCING WHEN HIS SENTENCE IS THE PRODUCT OF ALLIED OFFENSES OF SIMILAR IMPORT."

{¶ 5} Defendant doesn't dispute the trial court's finding that a claim of allied offenses was raised and decided in his prior direct appeal. Rather, Defendant argues that because the issue was resolved in that appeal on the authority of the test in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), which was more recently overruled by *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, Defendant is entitled to resentencing applying the test now prescribed by *Johnson*.

{¶ 6} We agree that Defendant's allied offenses claim is barred by res judicata because it was raised and decided in his prior appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). The fact that the law governing that claim was subsequently changed by

*Johnson* offers no basis for a different result. A new judicial ruling may be applied only to cases that are pending on the announcement date, and the new judicial ruling may not be applied retroactively to a conviction that has become final, that is, where the accused has exhausted all of his appellate remedies. *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E. 2d 687. Defendant exhausted his appellate remedies with respect to his convictions in his prior direct appeal, which was decided in 2007. *Johnson* was decided in 2010. Defendant is not entitled to the benefit of any new case law after the disposition of his direct appeal. *State v. Hill*, 5th Dist. Muskinghum No. CT11-0020, 2011-Ohio-3644.

{¶ 7} The assignment of error is overruled. The judgment of the trial court will be affirmed.


DONOVAN, J., And HALL, J., concur.


Copies mailed to:

Michelle D. Phipps, Esq.
Terrence L. Greathouse`
Hon. Mary Katherine Huffman