[Cite as *State v. Smith*, 2017-Ohio-2684.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   27294 |
| | : | |
| v. | : | T.C. NO. 04-CR-3554 |
| | : | |
| RONALD A. SMITH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___5th___ day of _____May_____, 2017.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

RONALD A. SMITH, Inmate #516-443, London Correctional Institute, P. O. Box 69, London, Ohio 43140
     Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the pro se Notice of Appeal of Ronald Smith, filed October 13, 2016. Smith appeals from the trial court's "Decision and Order Overruling Defendant's Void Sentence Pursuant to *State v. Hand* 2016-Ohio-5504 Re-Sentencing Hearing Requested."   Smith's "Void Sentence" motion was filed on

September 22, 2016.   We hereby affirm the judgment of the trial court.

{¶ 2} Smith was found guilty in 2005 of aggravated burglary and aggravated robbery. The trial court sentenced Smith to consecutive ten-year prison terms, for an aggregate sentence of 20 years.   This Court affirmed Smith's convictions on direct appeal in *State v. Smith*, 2d Dist. Montgomery Nos. 21463, 22334, 2008-Ohio-6330, wherein this Court set forth the following facts:

> During the evening hours of September 27, 2004, two African-American males, one identifying himself as "Little Ronnie," kicked in the front door of Latisha Robinson's apartment and entered.   The man identifying himself as Little Ronnie, was armed with a gun.   He got in her face and demanded to know where her boyfriend, Corey Pullings, was. The other man went to her back door and opened it, allowing three additional men to enter the apartment.

> When Robinson denied any knowledge of Pullings, Little Ronnie went upstairs in the apartment, tearing the handrail off the wall, and he went into Robinson's bedroom putting the gun to her son's head. He then demanded Robinson give him something to get him to leave.   Robinson gave one of the men sixty dollars and her cell phone.

> Meanwhile, the four men downstairs ransacked Robinson's apartment, toppling furniture and rummaging through boxes, throwing things to the floor.   The men took additional items from the apartment, including radios and CD's.   During the ransacking of the apartment, the gunman, who repeatedly identified himself as "Little Ronnie," and Robinson

were engaged in a confrontation in the dining room where he attempted to force Robinson to lay on the floor "like execution style." Finally, after the other men exited the apartment, "Little Ronnie" ran out, too.

Robinson then escaped to a neighbor's apartment, where the police were called. The next day, Detective Ward, of the Montgomery County Sheriff's Office prepared a photo spread containing a picture of Ronald Smith, the only individual the detective knew that called himself "Little Ronnie." Robinson could not identify anyone in the photo spread. Subsequently, when Robinson was viewing serial photos on the detective's computer screen, a photo of Smith came up, showing his gold teeth that were not displayed in the prior photo. Robinson indicated that this picture of Smith "could possibly be the person who was in her house."

Subsequently, a neighbor, who had opened his door while Smith and the others were knocking at Robinson's door, immediately picked out Smith from a photo spread as the man at her door, and who had identified himself as Little Ronnie.

Smith was arrested. After being Mirandized, Smith admitted that he and four others were knocking at Robinson's apartment looking for Corey Pullings, but claimed that he left after being told that he was not there. He claimed that one of the other men kicked in the door and entered, but denied that he ever entered the apartment. Prior to trial, Smith made a number of phone calls attempting to get Robinson to take a payoff to drop the charges, and attempting to set up an excuse for why he was in the area.

*Smith* at ¶s 3-8.

**{¶ 3}** Since his conviction, Smith has filed fourteen motions for a new trial or for leave to file such motions. *State v. Smith*, 2d Dist. Montgomery No. 27015, 2016-Ohio-7904, ¶ 3 (affirming the trial court's decision overruling Smith's October 29, 2015 "Motion for New – Trial Pursuant to Newly Discovered Evidence Crim[.] R. 33," and his October 30, 2015 "Motion for A Order Granting Leave to file A Motion for New – Trial Crim.R. 33(B).") We note that Smith's October 29, 2015 motion was supported by the affidavit of Nancy Duke, who averred "she observed Smith driving away from the apartment complex where the offenses occurred for which he is in prison, and she then saw another person kick in the door to an apartment." *Smith*, ¶ 3. His October 30, 2015 motion was "supported by essentially the same evidence." *Id.*

**{¶ 4}** On July 16, 2016, Smith filed a motion for re-sentencing, arguing that his offenses were allied offenses of similar import that should have been merged. The trial court overruled that motion on August 26, 2016. Smith filed a notice of appeal on September 16, 2016, in Case No. CA 27272, which remains pending. While CA 27272 and CA 27015 were pending, Smith filed the "Void Sentence" motion at issue herein.

**{¶ 5}** In his instant motion, Smith asserted that the trial court improperly relied upon his juvenile record during sentencing to enhance his sentence, citing *State v. Hand*, Ohio Supreme Court Slip Opinion No. 2016-Ohio-5504, ¶ 1 (holding that it "is a violation of due process to treat a juvenile adjudication as the equivalent of an adult conviction for purposes of enhancing a penalty for a later crime.") Smith argued that he received "a maximum, consecutive sentence which is unconstitutional and violated Defendant's due process rights." In overruling his motion, the trial court indicated that it "is not persuaded

by the Defendant's arguments and analysis."

{¶ 6} Smith asserts the following assignment of error:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHICH VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS BY NOT GRANTING THE DEFENDANT'S MOTION FOR RE-SENTENCING WHEN IT WAS FOUND BY THE SUPREME COURT IN STATE V. HAND 2016-Ohio-5504 FOR A TRIAL COURT TO INHANCE [sic] A SENTENCE BASED ON THE CONSIDERATION OF A PAST JUVENILE RECORD IS UNCONSTITUTIONAL.

{¶ 7} The State responds that the trial court was divested of jurisdiction to rule on Smith's motion because Smith had two appeals pending before this Court at the time the motion was filed, and that the "motion essentially remains open on the trial court's docket" in the absence of a final appealable order. The State further asserts that the record does not portray the error Smith asserts, since *Hand* "does not apply retroactively to convictions that were final prior to *Hand* being decided," and since "the trial court imposed mandatory prison sentences in this case not because Smith had previously been adjudicated delinquent, but because he had previously been convicted of aggravated robbery and aggravated burglary *as an adult.*"

{¶ 8} The State directs our attention in part to *State v. Lauharn*, 2d Dist. Miami No. 2011 CA 10, 2012-Ohio-1572. Therein this Court noted as follows:

The Supreme Court of Ohio has long held that "[o]nce an appeal is taken, the trial court is divested of jurisdiction except 'over issues not inconsistent with that of the appellate court to review, affirm, modify or

reverse the appealed judgment, such as the collateral issues like contempt, [appointment of a receiver and injunction].' " *State ex rel. State Fire Marshal v. Curl*, 87 Ohiio St.3d 568, 570, 722 N.E.2d 73 (2000), quoting *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). Following *Special Prosecutors*, we have repeatedly held that the filing of a notice of appeal from a conviction and sentence divests the trial court of jurisdiction to address a motion to withdraw the defendant's plea during the pendency of the appeal. * * * * A motion to withdraw a plea is not a collateral issue, because it could directly affect the judgment under appeal. *State v. Winn*, 2d Dist. Montgomery No. 17194, 1999 WL 76797 (Feb. 19, 1999).

*Id.*, ¶ 7.

**{¶ 9}** In *Lauharn*, this Court concluded that

\* \* \* the trial court did not have jurisdiction to address Lauharn's motions to withdraw his plea and for reconsideration of the denial of that motion while the case was pending on direct appeal. Consequently, the trial court's rulings on Lauharn's motions to withdraw his plea and for reconsideration of that denial are nullities. Those motions remain pending in the trial court, which now has jurisdiction to address them. *See State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37 ("We take this opportunity to specify that the holding in *Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure.").

*Id.*, ¶ 13.

**{¶ 10}** We initially note that *Lauharn* is procedurally distinct from the matter herein, in that it involved a direct appeal from a conviction and a motion to withdraw a plea, which could directly affect the pending appeal. At issue here is whether the pendency of CA 27015 and CA 27272 divested the trial court of jurisdiction over Smith's "Void Sentence" motion because any action by the trial court would interfere with this Court's ability to reverse, affirm, or modify the orders on appeal. We conclude that the issue of the application of *Hand* to Smith's sentence is not inconsistent with this Court's jurisdiction in CA 27015 and CA 27272 and accordingly does not interfere with this Court's appellate review in those appeals. In other words, the decision of the trial court is not a nullity.

**{¶ 11}** We further agree with the State that *Hand* does not apply to Smith's sentence. "A new judicial ruling may be applied only to cases that are pending on the announcement date, and the new judicial ruling may not be applied retroactively to a conviction that has become final, that is, where the accused has exhausted all of his appellate remedies. *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687." *State v. Greathouse*, 2d Dist. Montgomery No. 24935, 2012-Ohio-2414, ¶ 6.

**{¶ 12}** Since Smith's assigned error lacks merit, it is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Andrew T. French
Ronald A. Smith

Hon. Dennis J. Langer