[Cite as *State v. Parker*, 2017-Ohio-7484.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105472**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# COREY J. PARKER

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED IN PART AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-549438-A

**BEFORE:** Blackmon, J., E.A. Gallagher, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 7, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender

By:  Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:  Diane Smilanick
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11. Appellant Corey Parker ("Parker") challenges the trial court's denial of his motion to vacate his conviction and mandatory eight-year sentence for aggravated robbery, with a notice of prior conviction stemming from a juvenile delinquency adjudication, and having a weapon while under disability. He assigns the following error for our review:

> The Ohio Supreme Court's decision in *State v. Hand*, [149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448], which declared R.C. 2901.08 unconstitutional under both the state and federal constitutions [because it treats juvenile adjudications as penalty-enhancing convictions] applies retroactively to invalidate sentences previously enhanced under that unconstitutional provision.

{¶2} Having reviewed the record and pertinent law, we reverse in part and remand for further proceedings consistent with this opinion.

{¶3} The facts of this matter were set forth in Parker's direct appeal, as follows:

> On April 16, 2011, Parker drove two codefendants, Emmanuel Scott and Antwon Carrington, to a pet store located on Cleveland's east side. Scott and Carrington entered the store to commit a robbery while Parker remained in the car. There was an exchange of gunfire in the store, and Scott received a nonfatal gunshot wound. He returned to the car, and Parker drove him to the emergency room at Cleveland Clinic. After the police identified Parker from video footage at the clinic, they arrested Parker, Scott, and Carrington.

Parker was indicted on May 12, 2011, along with Scott and Carrington, and charged with Count 1, aggravated robbery; Count 2, aggravated burglary; Counts 3 through 5, kidnapping; Counts 6 through 8, felonious assault; Count 9, carrying a concealed weapon; Count 10, having weapons while under disability; and Count 11, theft. Counts 1 through 8 included one-year and three-year firearm specifications. Counts 1 through 8 also included a notice of prior conviction specification under R.C. 2929.13(F)(6), [stemming from] a juvenile delinquency adjudication in juvenile court for felonious assault, and a repeat violent offender specification under R.C. 2941.149(A).

Parker pleaded guilty on September 21, 2011, to aggravated robbery, a first-degree felony, and having weapons while under disability, a third-degree felony. In exchange for Parker's agreement to cooperate with the police and testify against Scott and Carrington, the state dismissed all other charges and specifications excluding the one reflecting notice of prior conviction. The trial court sentenced Parker on November 30, 2011, to eight years in prison [mandatory, due to the juvenile delinquency adjudication in the notice of prior conviction] with five years of postrelease control.

*See State v. Parker*, 8th Dist. Cuyahoga No. 97841, 2012-Ohio-4741, ¶ 3-5 ("*Parker I*").

Scott pled guilty to aggravated robbery with a firearm specification and felonious assault, and was sentenced to a total of eight years of imprisonment. Apart from the three-year term for the firearm specification, Scott was not sentenced to a mandatory term. Carrington pled guilty to felonious assault and was sentenced to nonmandatory eight-year term. *See State v. Carrington*, Cuyahoga C.P. No. CR-11-549438 (Nov. 30, 2011); *State v. Scott*, Cuyahoga C.P. No. CR-11-549438 (Nov. 30, 2011). According to appellant's counsel, both Scott and Carrington were granted judicial release prior to the completion of their eight-year terms.

{¶4} On direct appeal, Parker challenged his sentence and also asserted that R.C. 2901.08 is unconstitutional because it permits juvenile delinquency adjudications that are

not determined by a jury to be included as prior convictions for purposes of imposing mandatory prison terms under R.C. 2929.13(F)(6).

{¶5} This court rejected Parker's challenge to R.C. 2901.08, and affirmed. Applying the reasoning set forth in the majority of jurisdictions deciding the issue, this court held that prior juvenile delinquency adjudications fell within the "prior conviction exception" set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that there were "sufficient procedural safeguards to satisfy the reliability requirement that is at the heart of *Apprendi*." *Id*. at ¶ 24. The Ohio Supreme Court declined Parker's motion for discretionary appeal, with three justices dissenting. *See State v. Parker*, 134 Ohio St.3d 1471, 2013-Ohio-553, 983 N.E.2d 370.

{¶6} On October 31, 2016, Parker filed a motion to vacate his conviction and sentence, arguing that his constitutional rights were violated when the juvenile delinquency adjudications served as the basis of both the notice of prior conviction specifications, and the disability element of the weapons while under disability conviction. The trial court denied the motion. Parker now appeals.

**Postconviction Relief**

{¶7} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160, 1997-Ohio-304, 679 N.E.2d 1131.

**{¶8}** Under R.C. 2953.23(A), a trial court may entertain a successive petition if the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). Next, the petitioner must also demonstrate that but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b).

**{¶9}** A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.

**{¶10}** Here, Parker's motion to correct or vacate sentence, despite its caption, meets the definition of a motion for postconviction relief under R.C. 2953.21(A)(1), because it (1) was filed subsequent to Parker's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence. *Reynolds*, 79 Ohio St.3d at 160-161; *State v. Bridges*, 8th Dist. Cuyahoga Nos. 103634 and 104506, 2016-Ohio-7298, ¶ 31.

**{¶11}** In this matter, Parker asserts that the Ohio Supreme Court's decision in *Hand* operates retroactively and entitles him to vacate his weapons while under disability conviction, the notice of prior conviction, and his sentence.

### *Hand* **Decision**

**{¶12}** In 2015, the Ohio Supreme Court agreed to hear the same *Apprendi*-based challenge to R.C. 2901.08 raised by Parker in 2012 when it accepted a discretionary appeal from the decision in *State v. Hand*, 2d Dist. Montgomery No. 25840, 2014-Ohio-3838.

**{¶13}** Thereafter, on August 25, 2016, the Ohio Supreme Court held that it is a violation of due process to treat a juvenile delinquency adjudication as the equivalent of an adult conviction for purposes of enhancing a penalty for a later crime, since the delinquency adjudication is not established through a procedure that provides the right to a jury trial. *Hand*, at paragraphs one and two of the syllabus.

**{¶14}** In reaching this decision, the Ohio Supreme Court noted that under *Apprendi,* "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at ¶ 23. The court also noted that United States Supreme Court expanded *Apprendi*'s holding and held that facts increasing a mandatory minimum sentence must also be submitted to a jury and found beyond a reasonable doubt. *Id*. at ¶ 24, citing *Alleyne v. United States*, 570 U.S. _____, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and *Apprendi*, 530 U.S. at 490.

**{¶15}** Turning next to the issue of whether a juvenile adjudication is "the fact of a prior conviction" within the exception to *Apprendi*, the *Hand* court discussed this court's reasoning in *Parker I*, 2012-Ohio-4741, but declined to follow *Parker I*. *See Hand* at ¶ 23. Accordingly, *Parker I* has been overruled as to this issue.

**{¶16}** The *Hand* court likewise rejected the reasoning of the Second District, six federal circuit courts, and various other state courts, and instead adopted the minority position of the Ninth Circuit Court of Appeals in *United States v. Tighe*, 266 F.3d 1187 (9th Cir.2001), holding that "the 'prior conviction' exception to *Apprendi's* general rule must be limited to prior convictions that were themselves obtained through proceedings that included the right to a jury trial and proof beyond a reasonable doubt." *Id.* at ¶ 24, quoting *Tighe*, at 266 F.3d at 1194. The Ohio Supreme Court explained:

> "The constitutional protections to which juveniles have been held to be entitled have been designed with a different set of objectives in mind than just recidivist enhancement. So the mere fact that a juvenile had all the process he was entitled to doesn't make his juvenile conviction equivalent, for purposes of recidivist enhancements, to adult convictions."

*Id.* at ¶ 29, quoting *Welch v. United States*, 604 F.3d 408, 431-432 (Posner, J., dissenting).

**{¶17}** The plain language of *Hand* demonstrates that the court did not accept this court's analysis in *Parker I*, and that *Parker I* was overruled, albeit sub silentio, insofar as it pertains to notices of prior convictions from juvenile delinquency adjudications. Therefore, Parker has established, under R.C. 2953.21(A)(1) that while he preserved the error throughout the appellate process, he was unavoidably prevented from presenting this claim for relief until 2016.

**{¶18}** Additionally, apart from the fact that *Hand* impliedly overruled *Parker I,* we conclude that *Hand* announced a new constitutional rule that applies retroactively to cases

on collateral review. Under the analysis set forth in *Teague v. Lane*, 489 U. S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), a new constitutional rule of criminal procedure applies to criminal cases still pending on direct appeal, but generally does not apply to a conviction that was final when the new rule was announced. *Id*. at 295. However, two categories of decisions   fall outside this general bar on retroactivity:

> First, "[n]ew substantive rules generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) * * *. Second, new "'watershed rules of criminal procedure,'" which are procedural rules "implicating the fundamental fairness and accuracy of the criminal proceeding," will also have retroactive effect. *Saffle v. Parks*, 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990) [quoting *Teague* at 311-313].

*Welch v. United States*, 578 U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

**{¶19}** The court recently explained the distinction between retroactive substantive rules and nonretroactive procedural rules as follows:

> Substantive rules, then, set forth categorical constitutional guarantees that place certain criminal laws and punishments altogether beyond the State's power to impose. It follows that when a State enforces a proscription or penalty barred by the Constitution, the resulting conviction or sentence is, by definition, unlawful. Procedural rules, in contrast, are designed to enhance the accuracy of a conviction or sentence by regulating "the manner of determining the defendant's culpability."

*Montgomery v. Louisiana*, 577 U.S.___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), quoting *Schriro*, 542 U.S. at 353.

**{¶20}** In determining whether a rule is substantive or procedural, the *Welch* court explained:

> "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes [including] decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish."

578 U.S.    at ¶ 8, quoting *Schriro*, 542 U.S. at 353.

**{¶21}** In other words, substantive rules "either (a) prohibit criminal punishment for certain types of primary conduct, or (b) forbid the imposition of certain categories of punishment for particular classes of defendants." *O'Dell v. Netherland*, 521 U.S. 151, 157, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997). Conversely, procedural rules "regulate only the manner of determining the defendant's culpability." *Schriro*, 542 U.S. at 353.

**{¶22}** Applying the foregoing, we conclude that the rule announced in *Hand* is a new constitutional "substantive rule," and that it applies retroactively. In *Hand*, the court altered R.C. 2929.13(F)(6)'s range of persons and conduct subject to a mandatory term or imprisonment due to a prior conviction, by excluding juvenile offenses from the definition of prior convictions set forth in R.C. 2901.08. Therefore, *Hand* limited the reach of the underlying statute by altering "the class of persons" who may be subject to mandatory prison terms to exclude juvenile adjudications as prior convictions. The court did not merely issue a procedural decision, because *Hand* had nothing to do with the range of permissible methods a court might use in determining if the offender is to be sentenced to mandatory imprisonment and was not issued to enhance the accuracy of a

conviction or sentence by regulating "the manner of determining the defendant's culpability." Accordingly, *Hand* issued a new constitutional substantive rule that is retroactively applicable to cases on collateral review, such as the instant matter.

{¶23} We recognize that in *State v. Smith*, 2d Dist. Montgomery No. 27294, 2017-Ohio-2684, the court held that *Hand* applies only to cases that are pending on the announcement date, and does not apply retroactively to a conviction that has become final. *Id.* at ¶ 11, citing *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687. However, *Smith* may be distinguished from this matter in that Smith also committed numerous adult prior offenses that supported the imposition of mandatory imprisonment under R.C. 2929.13(F)(6), whereas in this case, Parker's sole juvenile adjudication was the basis for imposing the mandatory term of imprisonment.

{¶24} Moreover, in *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127, the Ohio Supreme Court recently held that a juvenile's 141 year sentence was the "functional equivalent of life without parole," so the court held that the rule announced in *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), prohibiting the imposition of sentences of life imprisonment without parole on juvenile nonhomicide offenders, announced a substantive rule that must be given retroactive effect. *Moore* at ¶ 97-99.

{¶25} Similarly, after the United States Supreme Court issued its decision in *Miller v. Alabama*, 567 U.S. 420, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012),"that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth

Amendment's prohibition on 'cruel and unusual punishments,'" the court also held that this rule applies retroactively to cases on collateral review. *See Montgomery,* 577 U.S.___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). The court stated:

> Because *Miller* determined that sentencing a child to life without parole is excessive for all but the rare juvenile offender * * *, it rendered life without parole an unconstitutional penalty for "a class of defendants because of their status" — that is, juvenile offenders whose crimes reflect the transient immaturity of youth. * * * As a result, *Miller* announced a substantive rule of constitutional law. Like other substantive rules, *Miller* is retroactive[.]

*Id.* at 136 S.Ct. 718.

**{¶26}** Likewise, in *Welch,* 578 U.S. ___, 136 S.Ct. 1257, the court gave retroactive application to *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), a decision that, like *Hand*, found that a statute imposing an enhanced sentence was unconstitutional. In *Johnson*, the Supreme Court held that the "residual clause" portion of the definition of sentencing enhancing "violent felonies" set forth in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e)(2)(B)(ii), is unconstitutionally vague. The court considered Welch's petition for habeas corpus in connection with his 2010 conviction for being a felon in possession of a firearm that was enhanced under the "residual clause" from a 1996 strong-arm robbery. The *Welch* court determined that in striking the "residual clause," *Johnson* court did not simply issue a procedural decision, because "*Johnson* had nothing to do with the range of permissible methods a court might use [during sentencing.]" 136 S.Ct. at 1265 (slip op., at 9).

Instead, *Johnson* "affected the reach of the underlying statute" by altering "the range of conduct or the class of persons that the [Act] punishes." *Id.*, quoting *Schriro* at 353.

{¶27} Similarly, in this matter, we conclude that *Hand* did not simply issue a procedural decision. *Hand* did not merely alter the range of permissible methods a court might use to determine whether a defendant should be sentenced to mandatory imprisonment under R.C. 2929.13(F)(6) due to prior convictions. Instead, *Hand* altered the range of persons and conduct to exclude juvenile offenses from the definition of prior convictions set forth in R.C. 2901.08. In accordance with all of the foregoing, we conclude that the trial court abused its discretion in denying Parker's motion to vacate his conviction and sentence as it pertains to the mandatory sentence imposed under the notice of prior conviction.

{¶28} Parker additionally asserts that because the disability element of his conviction for having a weapon while under disability is premised upon his juvenile adjudication, it must be vacated.

{¶29} R.C. 2923.13 makes it a crime for an individual to carry a firearm if that person has been adjudicated a delinquent child for an offense of violence. In *State v. Stewart*, 8th Dist. Cuyahoga No. 105154, 2017-Ohio-2993, this court declined to interpret *Hand* to negate the weapons disability resulting from a prior juvenile offense of violence. *Id.* at ¶ 7, citing *State v. Hudson*, 7th Dist. Mahoning No. 15MA0134, 2017-Ohio-645, ¶ 51 (no indication Supreme Court would extend *Hand* to R.C. 2923.13(A)(2)); *State v. Carnes*, 1st Dist. Hamilton No. C-150752, 2016-Ohio-8019, ¶ 14 (*Hand* limited to

banning use of adjudication to enhance punishment). *Accord State v. McComb*, 2d Dist. Montgomery No. 26884, 2017-Ohio-4010.

{¶30} Judgment is reversed in part and remanded.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS
WITH ATTACHED OPINION


SEAN C. GALLAGHER, J., DISSENTING:

{¶31} I respectfully dissent. Although the analysis provided by the majority interpreting *State v. Hand,* 149 Ohio St.3d 94, 2016-Ohio-5504*,* 73 N.E.3d 448, is cogent and well reasoned, I believe the analysis is unnecessary in light of the procedural posture of the case largely ignored by Parker. The question in this case focuses on the trial court's jurisdiction to consider Parker's motion. Because the trial court was without jurisdiction to consider the motion, we cannot resolve the merits of the arguments

presented — the trial court was without authority to review the merits of the claim in the first instance. Parker has exhausted the appellate review of his conviction. Thus, the trial court's jurisdiction to consider the postconviction motion is paramount. In this case, Parker had two options to invoke the trial court's continuing jurisdiction: file a motion to vacate a void conviction, or file a successive petition for postconviction relief.

{¶32} Parker filed a motion to vacate a void sentence based on *Hand*, but Parker has not argued, let alone demonstrated, that his conviction is void. Instead, Parker claims his conviction was based on a statute deemed to be unconstitutional under a newly announced Ohio Supreme Court decision. A sentence imposed under an unconstitutional statute is not void but merely voidable. *State v. Ragland*, 10th Dist. Franklin No. 13AP-451, 2014-Ohio-798, ¶ 9, citing *State v. Peeks*, 10th Dist. Franklin No. 05AP-1370, 2006-Ohio-6256; *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306. As a result, the trial court correctly denied Parker's motion.

{¶33} The only other basis to invoke the trial court's jurisdiction is under the postconviction relief statutory framework. We could construe Parker's motion as being a successive petition for postconviction relief, but R.C. 2953.23 only permits a successive petition for postconviction relief (1) if the defendant was unavoidably prevented from discovering facts upon which the petition must rely, or (2) if the *"United States Supreme Court* recognized a new federal or state right that applies retroactively." (Emphasis added.) Neither exception applies in this case.

**{¶34}** Parker is relying on an Ohio Supreme Court decision, which is not a basis for a successive petition. *State v. Reese*, 2d Dist. Montgomery No. 23410, 2009-Ohio-5874, ¶ 9; *State v. Hughes*, 10th Dist. Franklin No. 13AP-1006, 2014-Ohio-2914, ¶ 8; *State v. Kirklin*, 11th Dist. Portage No. 2013-P-0085, 2014-Ohio-4301, ¶ 10. One of the reasons that the legislature may have provided an exception for changes announced by the United States Supreme Court, and not subsequent Ohio Supreme Court decisions, is because the defendant has an opportunity to seek relief from the Ohio Supreme Court in his direct appeal, as Parker had unsuccessfully attempted in this case. Parker had an opportunity to have this issue heard, and the Ohio Supreme Court's decision denying jurisdiction should be final. I would affirm. Parker's petition for postconviction relief is untimely, and no statutory exception applies.

**{¶35}** In addition to the above-noted conflict, the majority's decision conflicts with *State v. Smith*, 2d Dist. Montgomery No. 27294, 2017-Ohio-2684, on whether *Hand* is retroactive. Regardless of the differences between this case and *Smith*, the Second District determined that *Hand* is not retroactive, and the majority concludes otherwise. These interdistrict conflicts should be resolved. At the least, I would sua sponte certify a conflict on both issues for the Ohio Supreme Court's resolution.