[Cite as *State v. McComb*, 2018-Ohio-674.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27468 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-1836/3 |
| | : | |
| DAVION MCCOMB | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of February, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, P.O. Box 340214, Beavercreek, Ohio 45434
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} In this delayed appeal, Davion McComb claims that the trial court erred in sentencing him to mandatory prison terms, in light of *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448. For the following reasons, the trial court's judgment will be affirmed in part, modified in part, and the matter will be remanded for the trial court to issue a revised judgment entry that eliminates the mandatory nature of defendant's sentence for aggravated robbery.

{¶ 2} On October 9, 2015, McComb was charged by bill of information with aggravated robbery (deadly weapon), a felony of the first degree, and with felonious assault (deadly weapon), a felony of the second degree; each offense included a firearm specification. The same day, McComb waived an indictment and 24-hour service of the bill of information, and he pled no contest to the charges; the State dismissed the firearm specifications. The trial court found him guilty and sentenced him to a mandatory three years in prison for aggravated robbery and to two years in prison for felonious assault; the trial court's judgment entry indicated that the three-year sentence was mandatory pursuant to R.C. 2929.13(F). The trial court ordered the sentences to be served concurrently to each other and to an aggregate 10-year sentence in another case (Montgomery C.P. No. 2015-CR-1152/1).

{¶ 3} McComb did not appeal his conviction within the 30-day time period required by App.R. 4(A).

{¶ 4} On February 17, 2017, McComb filed a notice of appeal and a motion for leave to appeal, pursuant to App.R. 5(A). In his motion for leave to file a delayed appeal, McComb indicated that he sought to challenge, in light of *Hand*, the mandatory nature of

his sentences. McComb stated that he had filed an appellate brief in his appeal from Case No. 2015-CR-1152/1 (Appellate Case No. 26884), in which he challenged the mandatory nature of his sentences under *Hand*. He asserted that "the *Hand* case would also impact 2015 CR 01836/3 if McComb is permitted to have an appeal from that case as well * * *."

{¶ 5} The State opposed the motion, arguing that McComb's convictions in this case were final due to his failure to timely appeal and that *Hand* did not apply retroactively to convictions that were final.

{¶ 6} On April 4, 2017, we granted McComb's motion for leave to file a delayed appeal, and stated that "[t]his matter shall proceed in accordance with the Rules of Appellate Procedure."

{¶ 7} In his sole assignment of error, McComb claims that "the trial court erred when it sentenced McComb to mandatory prison terms on Counts I and II." As in its memorandum opposing McComb's motion for leave to file a delayed appeal, the State argues in its appellate brief that *Hand* should not apply to McComb, because he did not file a timely appeal and thus his conviction was final.

{¶ 8} In general, "[a] new judicial ruling may be applied only to cases that are pending on the announcement date, and the new judicial ruling may not be applied retroactively to a conviction that has become final, that is, where the accused has exhausted all of his appellate remedies." *State v. Greathouse*, 2d Dist. Montgomery No. 24935, 2012-Ohio-2414, ¶ 6, citing *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687; *State v. Smith*, 2d Dist. Montgomery No. 27294, 2017-Ohio-2684, ¶ 11.

{¶ 9} Generally, a defendant's appellate remedies from a judgment of conviction

consist of a timely appeal as of right to an intermediate court of appeals, *see* App.R. 3 and 4, and a jurisdictional appeal to the Supreme Court of Ohio, *see* S.Ct.Prac.R. 5.02. The Ohio Rules of Appellate Procedure allow, in certain circumstances and with leave of the appellate court, for an untimely appeal, *see* App.R. 5(A), and for the appellate process to be reopened, *see* App.R. 5(B) and 26(B). Where leave is granted, the defendant has not exhausted his or her appellate remedies, the conviction is not final, and an appellate court may review the assignment of error as if the direct appeal had been timely filed.

{¶ **10**} At the outset, we note that McComb has already served more than two years in prison, and thus he has completely served his sentence for felonious assault. Accordingly, we find that McComb's challenge to his two-year sentence for felonious assault is moot. Regardless, although the trial court orally stated at the combined plea and sentencing hearing that the prison sentences for both felonious assault and aggravated robbery were mandatory, the trial court's subsequent judgment entry, filed on October 14, 2015, imposed a mandatory sentence only for Count 1, aggravated robbery. Because a court speaks through its journal, *e.g., State v. Friend*, 2d Dist. Montgomery Nos. 26867 & 26868, 2016-Ohio-5868, ¶ 27, McComb's sentence for felonious assault was a non-mandatory sentence. McComb's assignment of error with respect to Count 2 (felonious assault) is overruled.

{¶ **11**} The record reflects that the court imposed a mandatory prison term for aggravated robbery pursuant to R.C. 2929.13(F)(6), which provides for a mandatory sentence when a defendant is convicted of a first-or second-degree felony and "previously was convicted of or pleaded guilty to * * * any first or second degree felony[.]"

{¶ **12**} In *Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, the Ohio

Supreme Court struck down R.C. 2901.08(A), which provided that a prior juvenile adjudication "is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea." The supreme court held that R.C. 2901.08(A) violated the Due Process Clauses of the Ohio and United States Constitutions, because "it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult." *Hand* at paragraph one of the syllabus. *Hand* further held that, "[b]ecause a juvenile adjudication is not established through a procedure that provides the right to a jury trial, it cannot be used to increase a sentence beyond a statutory maximum or mandatory minimum." *Id.* at paragraph two of the syllabus.

{¶ 13} The trial court imposed a mandatory sentence for aggravated robbery due to McComb's prior juvenile adjudication for aggravated robbery. In light of *Hand*, the court's imposition of a mandatory sentence based on the prior juvenile adjudication was error. We reiterate that, by applying *Hand* to McComb's aggravated robbery conviction, we are not applying *Hand* retroactively to a final judgment; rather, we are applying *Hand* to a conviction that is currently pending on direct appeal.

{¶ 14} McComb's assignment of error is sustained in part as to his aggravated robbery conviction and overruled as to his felonious assault conviction. Accordingly, the trial court's judgment is affirmed as to Count 2 (felonious assault). Concerning Count 1 (aggravated robbery), the three-year term of imprisonment imposed by the trial court is modified solely to reflect that the term of imprisonment is not mandatory in nature. As so

modified, the trial court's judgment is affirmed. This matter is remanded to the trial court for the limited purposes of issuing a revised judgment entry consistent with our judgment herein and to notify the appropriate prison officials of that revised judgment entry.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Robert Alan Brenner
Hon. James A. Brogan, Visiting Judge
Hon. Erik R. Blaine